**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Tarik F. Ajami (TA 5922)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE DANIELS**

**05 CV 9537**

---

KAREEN WILSON-COLE, on behalf of herself
and all others similarly situated,

       Plaintiff,

- against -

PHOENIX PARTNERS, LLC.

       Defendant.

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

RECEIVED
NOV 10 2005
U.S.D.C. S.D. N.Y.
CASHIERS

---

Plaintiff Kareen Wilson-Cole, individually and on behalf of all others similarly situated as class representative, by her attorneys Outten & Golden LLP, upon personal knowledge as to herself and upon information and belief as to other matters alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for unpaid wages on behalf of herself and all other similarly situated current and former hourly employees, against Phoenix Partners, LLC, (hereinafter "Phoenix" or "Defendant").

2. Plaintiff brings this action on behalf of herself and all other similarly situated current and former employees who worked for Phoenix at its clients' sites and who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of FLSA 29 U.S.C. § 216(b) ("the FLSA

1

Collective"), to remedy violations of the wage-and-hour provisions of the FLSA by Phoenix, that have deprived the Plaintiff, as well as others similarly situated, of their lawful wages.

3. Plaintiff also brings this action on behalf of herself and all other similarly situated current or former hourly employees of who worked for Phoenix at its clients' sites in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("the Rule 23 Class"), to remedy violations of New York Labor Law ("NYLL") Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

4. Phoenix has engaged in a pattern, practice, and/or policy of unlawful conduct by failing to pay the premium overtime rate for hours worked beyond 40 per week in violation of its employees' rights under the FLSA and New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, because Plaintiff and the FLSA Collective and Rule 23 Class members have performed work in excess of 40 hours per week without being paid overtime premium wages.

5. Plaintiff and the FLSA Collective and Rule 23 Class members seek injunctive and declaratory relief against Phoenix's unlawful actions, compensation and credit for all uncompensated work required or permitted by Phoenix, and attorneys' fees and costs.

## THE PARTIES

**Plaintiff**

7. Representative Plaintiff Kareen Wilson-Cole is a resident of the city of Jersey City, in the State of New Jersey. Ms. Wilson-Cole has been employed by Phoenix since July 2004. Ms. Wilson-Cole works for Phoenix at one of its client's sites, Bank of America, in New York, New York, as an associate in the options department, an hourly, non-exempt position.

9. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendant**

10. Upon information and belief, Phoenix Partners, LLC is a limited liability company with principal offices at 61 Broadway, Suite 513, New York, New York 10006.

10. Defendant Phoenix engages the employment of hourly employees including Plaintiff and members of the prospective FLSA Collective and Rule 23 Class to perform work for Phoenix's clients, various banks and financial services companies ("clients").

11. Plaintiff and the FLSA Collective and Rule 23 Class members were jointly employed as employees by Phoenix and its clients. Plaintiff and the Rule 23 Class have been employed by Phoenix within the meaning of New York Labor Law §§ 2 and 651.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because the action involves a federal statute, 29 U.S.C. § 216 (b).

14. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interests and costs.

16. Upon information and belief, at least one member of the Rule 23 Class is a citizen of a state different than that of Phoenix.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

18. Phoenix resides in the Southern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings FLSA claims on behalf of all persons who worked for Phoenix at its client's sites as hourly employees and who were not paid the premium time-and-a-half rate for all hours worked beyond forty per week at any time from three years prior to the filing of this Complaint to entry of judgment in this case ("FLSA collective period").

21. Phoenix is liable under the FLSA for failing to properly compensate plaintiff, and as such, the action should be treated as a collective action pursuant to 29 U.S.C. § 216(b) and notice should be sent to past and present hourly employees. There are numerous similarly situated current and former employees of Phoenix who have been denied the half-time premium above their hourly rate of pay in violation of the FLSA and who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Phoenix and are readily identifiable and can be located through Phoenix's records.

## CLASS ACTION ALLEGATIONS

22. Under New York Labor Law, Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure who have been or will be employed by Phoenix in the State of New York as hourly employees, whom Phoenix has required or permitted to perform work in excess of 40 hours per week without being paid overtime premium hourly wages, during the period of six year(s) prior to the date of commencement of this action, through the date of final disposition of this action (the "Class" and "Class Period," respectively).

23. The employees in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts by which that number could be calculated are presently within the sole

control of Phoenix, upon information and belief, there are hundreds of members of the Rule 23 Class during the Rule 23 class period.

24.  Excluded from the Rule 23 Class are Phoenix's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Rule 23 Class period has had, a controlling interest in Phoenix; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

25.  Common questions of law and fact exist as to Plaintiff and the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a.  Whether Phoenix has violated and continues to violate New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, as alleged herein;

   b.  Whether Phoenix has failed to compensate Plaintiff and the Class for work performed in excess of 40 hours per workweek with overtime premium hourly wages;

   c.  The nature and extent of class-wide injury and the appropriate measure of damages for the class.

26.  The claims of the Plaintiff are typical of the claims of the Class she seeks to represent. Plaintiff and the Class work or have worked for Phoenix as hourly employees in banks and financial services companies in the State of New York. Plaintiff and the Class have performed work for the benefit of Phoenix and these banks/financial services companies at a standard hourly rate for hours worked, including hours beyond 40 per week, without being paid the additional half-time premium rate for hours worked beyond 40 per week. Phoenix has acted

and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Phoenix's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant to recover such damages. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Phoenix' practices.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

29. When Plaintiff and the FLSA Collective and Rule 23 Class members accepted employment with Phoenix, they were hired to work at a fixed hourly wage rate for all hours worked. Plaintiff and members of the FLSA Collective and Rule 23 Class were paid that fixed hourly rate only. Phoenix did not pay them the half-time component of the statutory time-and-a-half rate for the hours they worked beyond 40 per week.

### Widespread, Consistent, and Willful Nature of Violations

30. Phoenix's unlawful conduct has been widespread, repeated and consistent.

31. Phoenix's managers have known that Phoenix's employees, including Plaintiff and FLSA Collective and Rule 23 Class members, performed work that required

6

overtime pay at the time-and-a-half rate. Phoenix and its clients participated in a scheme to deprive employees of premium overtime by labeling them "consultants." Phoenix has known that it engaged Plaintiff and members of the FLSA Collective and Rule 23 Class to perform work for the benefit of its clients, which work was integral to the clients' businesses, without proper compensation for such time spent working.

32. On information and belief, Phoenix's managers knew that its clients wanted to avoid paying employees overtime at the required rate of time-and-a-half. Phoenix therefore supplied employees to its clients, but called them "consultants." Phoenix and its clients jointly paid these "consultant" employees their fixed hourly rate for all hours worked, even though the overtime laws provide no exemption for so-labeled employees.

33. The conduct of Phoenix, as set forth above, has been willful and in bad faith, and has caused significant damages to Plaintiff and FLSA Collective and Rule 23 Class members.

### INDIVIDUAL REPRESENTATIVE PLAINTIFF ALLEGATIONS

#### Representative Kareen Wilson-Cole

34. Representative Plaintiff Wilson-Cole is a resident of Jersey City in the State of New Jersey. Ms. Wilson-Cole has been jointly employed by Phoenix Partners and Bank of America from July 2004 until the present.

35. Prior to July 2004, Plaintiff met and communicated with individuals at Phoenix, including its owner, Bob Ritter, and another Phoenix representative, Neil Diamond. She was told that her starting hourly wage at Bank of America would be $28.

36. Phoenix informed Plaintiff that it paid its employee-consultants for only hours actually worked. Thus, she would not be paid for any sick days, personal days, holiday days, or partial day absences. Phoenix told her she would be paid her straight hourly rate, *i.e.*,

7

$28, for all the hours she worked; thus, she would not receive time-and-a-half for overtime hours. She would not be paid if she did not come in due to personal reasons, illness, or bank holiday, or if she left work early.

37. Plaintiff performs the same functions and duties as regular, full-time Bank of America employees. She is subject to the same bank supervision as these employees. Indeed, her job is interchangeable with theirs. Phoenix does not supervise or monitor her job performance in any way. Except for her being paid through Phoenix, and the fact that she earns no employee benefits or premium overtime pay, she is treated as a full-time bank employee in virtually every other respect.

38. Unlike her colleagues employed directly and solely by Bank of America, Plaintiff fills out daily time sheets that have to be signed by her Bank of America supervisor at the end of the week. She then faxes the signed time sheets to Phoenix. At the end of the pay period, Phoenix directly deposits her pay into her bank account.

39. Plaintiff's time sheets and pay stubs indicate she often works more than 40 hours per week but is paid only at the straight time rate for those hours. If a holiday falls in the week, or if she takes off a day in full or part, she is docked those missing hours. She rarely, if ever, receives the same total pay amount from period to period.

40. Plaintiff was never told, either by Phoenix or Bank of America, that she was expected to work a particular number of hours per day or week.

41. Generally, she arrives at work at 8:00 a.m. each day and stays until 6:00 or 7:00 p.m.. She does not take a lunch break. Due to the time-sensitive nature of her work, her ability to leave each day is somewhat determined by the flow of information into the office, over which she had no control. Often, she cannot complete her tasks and does not leave until 6:30 p.m. or later. As a result, she typically works more than 40 hours per week. Her timesheets and

paychecks indicate that she works between 50 and 55 hours per week. She has never been paid the missing half-time premium component for the hours beyond 40 that she has worked each week for Bank of America.

42. Plaintiff's current wage is $35 and hour and she generally works 10-15 hours of overtime per week.

### FIRST CAUSE OF ACTION (Fair Labor Standards Act)
### (Unpaid Overtime Premium Hourly Wages
### Brought on behalf of Plaintiff and Members of the Rule 23 Class and the FLSA Collective)

43. Plaintiff realleges and incorporates by reference all preceding paragraphs.

44. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

45. At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce and/or Phoenix was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. Because Phoenix willfully violated the FLSA by failing to pay Plaintiff premium overtime pay, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

47. Phoenix has willfully and intentionally engaged in a pattern or practice of violating the provisions of the FLSA, as detailed herein, by failing and refusing to pay the proper hourly wage compensation of current and former hourly employees, including Plaintiff, and all others similarly situated, in accordance with § 206 and § 207 of the FLSA.

48. As a result of Phoenix's violations of the FLSA, Plaintiff, as well as all others similarly situated, has suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

49.     Phoenix has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated present and former hourly employees.

50.     As a result Phoenix's unlawful acts, Plaintiff and all similarly situated employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION (New York Labor Law)
(Unpaid Overtime Premium Hourly Wages
Brought on behalf of Plaintiff and Members of the Rule 23 Class and the
FLSA Collective)

51.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

52.     Phoenix's failure to pay Plaintiff and the Rule 23 Class overtime premium hourly wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek violates NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

53.     As a result of Phoenix's willful failure to record or compensate all work performed by its hourly employees — including Plaintiff and the Rule 23 Class — Phoenix has willfully failed to pay them overtime premium hourly wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

54.     Due to Phoenix's violations of NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Phoenix their unpaid overtime premium hourly wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, reasonable attorneys' fees, and the costs of the action, pursuant to NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all members of the proposed Rule 23 Class and FLSA Collective prays for relief as follows:

A.  That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently or have been employed by Phoenix as non-exempt hourly employees at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were not paid proper hourly compensation and premium overtime wages.

B.  Unpaid wages and an equal amount of liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C.  Certification of this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and (3);

D.  Designation of Representative Kareen Wilson-Cole as representative of the Rule 23 Class, and her counsel of record as Class Counsel;

E.  Issuance of a declaratory judgment that the practices complained of herein are unlawful under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

G.  Unpaid overtime wages pursuant to New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State regulations (Plaintiff does not seek liquidated damages under the NYLL on her own behalf or on behalf of the Rule 23 Class).

H.  Issuance of an injunction requiring Phoenix to pay all statutorily-required wages pursuant to the NYLL;

I. Attorneys' fees and costs of the action; and

J. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:	New York, New York
	November 10, 2005

		Respectfully submitted,

		By: _____
		Jack A. Raisner (JR 6171)

		Adam T. Klein (AK 3293)
		Jack A. Raisner (JR 6171)
		Tarik F. Ajami (TA 5922)
		**Outten & Golden LLP**
		3 Park Avenue, 29th Floor
		New York, New York 10016

		**ATTORNEYS FOR PLAINTIFF**
		**AND THE CLASS**